UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20073-BLOOM/Reid

SAMUEL HOWARD,

    Plaintiff,

v.

CENTURION PHYSICIAN and
CENTURION PRISON HEALTH CARE,

    Defendants.
    _____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff Samuel Howard's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis*, ECF No. [3] ("Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1]. The Court has carefully considered the Motion and the record in this case, and is otherwise fully advised. For the reasons discussed below, Plaintiff's Complaint is dismissed, and the Motion is denied as moot.

Plaintiff, a *pro se* litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable here. Section 1915 requires courts to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim is frivolous when it 'has little or no chance of success,' that is, when it appears 'from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.'" *Hoang v. DeKalb Housing Auth.*, 2014 WL 1028926, at *1 (N.D. Ga. Mar. 19, 2014) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim is frivolous "where it lacks an arguable basis either in law or in fact").

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 22, 2009); *see Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Even under the relaxed pleading

standard afforded to *pro se* litigants, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), the Complaint fails.

The Complaint must be dismissed because it is legally frivolous and fails to state a claim upon which relief can be granted. Plaintiff attempts to assert a claim pursuant to 42 U.S.C. § 1983, alleging that the correctional facility in which he is currently housed "is negligent in supplying my approved medical devices," which Plaintiff needs "to help [him] survive as a parapalegic [sic]." ECF No. [1] at 2. As a result, Plaintiff requests that he receive all of his approved medical devices. *Id.* Nothing further is alleged. The Court, however, does not find any plausible claim for relief from Plaintiff's allegations. In order to state a claim under § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001). A plaintiff must offer more than conclusory and vague allegations to state a section 1983 claim. *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995). As pled, the Complaint is devoid of actionable claims. As a result, the Complaint's legal theories, as presented, are indisputably meritless. *See, e.g.*, *Neitzke*, 490 U.S. at 328 (a complaint is legally frivolous when it contains "claims of infringement of a legal interest which clearly does not exist"); *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (holding that complaint may be dismissed before service of process where its legal theories are indisputably meritless).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED AS MOOT**.
3. The Clerk of Court is directed to **CLOSE** the above-styled case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 9, 2020.

                                                          **BETH BLOOM**
                                                          **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Samuel Howard
095617
South Florida Reception Center
Inmate Mail/Parcels
14000 NW 41st Street
Doral, FL 33178